## C. D. Cook v. Sarah A. Lynch, Administratrix.

1. WITNESS—*what does not impeach.* The impeachment of a witness is not accomplished by showing a variance between statements made in and out of court with respect to matters immaterial to the issue.

Action in assumpsit. Appeal from the Circuit Court of Jefferson county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

BURTON & WHEELER and WILLIAM H. GREEN, for appellant.

J. P. CARTER and G. GALE GILBERT, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

Appellee brought suit in assumpsit against appellant, to recover the proceeds in the collection by appellant of six certain promissory notes, claimed to have been the property of appellee's intestate, David E. Lynch. The declaration is in the common counts with one special count by which it is alleged, that on May 1, 1904, D. E. Lynch was the owner of six promissory notes, known as the Lennington notes, of the value of $1,400; that he delivered the same to the defendant for collection; that on May 2, 1904, Lynch died intestate; that plaintiff was appointed administratrix; that on June 1, 1904, defendant collected $1,400, and on September 15, 1904, promised to pay plaintiff the said sum, etc. The Statute of Frauds was pleaded to the whole declaration, and demurrer thereto sustained. Error is not assigned, nor argument made, upon the court's ruling in sustaining the demurrer to pleas, and this requires no further consideration. It appears from the evidence that on October 24, 1892, John and Amanda Brenner, husband and wife, executed six

promissory notes of $100 each, payable in one, two, three, four, five and six years, respectively, from date, to the order of John F. Lennington, and to secure the same mortgaged to Lennington fifty acres of land. On October 23, 1893, by writing on the back of the mortgage, Lennington assigned the mortgage and notes to C. D. Cook, appellant. The notes also bear the indorsement of John F. Lennington. In June, 1904, C. H. Burton, as attorney for appellant, collected $850 on the notes and mortgages, and remitted to Cook the proceeds, $793. It appears further that in 1903 Cook was surety on a note given by D. E. Lynch to Watson who obtained judgment and had execution issued and by arrangement through the constable, D. E. Lynch, his wife and son executed their note for $114, for one year to Cook who paid the execution  The last note has not been paid. It is claimed by appellee, upon whom rests the burden of proof, that the Lennington notes and mortgages were the property of D. E. Lynch, taken by him in exchange for land sold to Lennington, and that afterwards they were placed with Cook for collection or to indemnify him as a surety for Lynch on the Watson note. There is some evidence in the record tending to prove this contention, and for that reason the trial court did not err in refusing the peremptory instructions to find for the defendant. But after a careful consideration of all the evidence in the record we are constrained to hold that the verdict and judgment is against the manifest preponderance of the evidence. By the assignment and indorsements of the mortgage and notes Cook was vested with the legal title in October 1893. So far as disclosed by the evidence his right and possession was not questioned in upwards of ten years. There is no showing of business transaction or other circumstance or relationship between Cook and Lynch near or about the date of the assignment from which it may be inferred or surmised that the property in the notes was other than that presumed by the law from the indorsement

and possession by Cook. That he was surety for Lynch on a small note to Watson in 1904 which he paid after judgment and execution only upon condition that Lynch give him a secured note for the amount instead of proving that the Lennington notes were held by Cook, either for collection or as security,. tends rather to prove the contrary The testimony of Mrs. Lennington that her husband, John F. Lennington, traded six notes to Lynch for land does not clearly identify the notes in controversy, but though they are the notes of which she testified, the only effect of the evidence would be to supply a missing link, not otherwise shown, viz., that Lynch at that remote time owned the notes. It would still remain for appellee to account for the assignment to Cook about that date. The chief reliance of appellee is upon the testimony of witnesses as to conversations with Cook, from which it is contended that Lynch's title and interest in the notes was admitted. There is no evidence of positive admission, and all that was said by the witness from which such admission might be inferred was contradicted by appellant. Appellee's third given instruction is erroneous and specially calculated to mislead the jury under the evidence. The jury was told that ''in this case if you believe from the evidence that any witness has made statements off the witness-stand at variance with his or her testimony here, and has in this manner been successfully impeached,'' they would be justified in disregarding the testimony of such witness unless corroborated. Variance between statements and testimony as to facts not material to the issues on trial does not effect an impeachment of the witness. Other instructions complained of will probably be corrected in another trial to meet the criticism made on this appeal.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*